**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 28, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1777**

**STATE OF WISCONSIN**

Cir. Ct. No. 2023CV229

**IN COURT OF APPEALS
DISTRICT III**

SHAWN MCCAIGUE,

   PLAINTIFF-APPELLANT,

 V.

ASCENSION NE WISCONSIN INC. (ASCEN NE WIS-ST. ELIZ CAMPUS), ASCENSION NE WISCONSIN MEDICAL GROUP - FOX VALLEY WI INC., AFFINITY HEALTH SYSTEMS, DR. BABABO OPANEYE, DR. THOMAS ROWELL, INFINITY HEALTHCARE PHYSICIANS, S.C., DR. JOJO HAMMOND, DR. DAVID SICKELS, PROASSURANCE CASUALTY COMPANY AND INJURED PATIENTS AND FAMILIES COMPENSATION FUND,

   DEFENDANTS-RESPONDENTS,

ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, JOHN DOE AND JANE DOE,

   DEFENDANTS.

---

APPEAL from judgments of the circuit court for Outagamie County: MARK G. SCHROEDER, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Shawn McCaigue, pro se, appeals from judgments[1] dismissing his civil claims against multiple health care providers and the Injured Patients and Families Compensation Fund (collectively, "the respondents") for alleged battery; battery by offensive conduct; denial of medical care; lack of good faith; falsification of medical records; negligent hiring, supervision and training; false imprisonment; intentional misrepresentation; conspiracy; intentional infliction of emotional damage; and medical battery. The claims all arise out of McCaigue's treatment and subsequent mental health commitment at Ascension St. Elizabeth's Hospital following a car accident.

¶2 Despite the factual complexity of the case, the sole issue on appeal is whether the circuit court erred by requiring McCaigue to identify a medical expert to testify in support of his claims.[2] We conclude that the court properly determined that a supporting expert medical opinion was required because all of the claims at issue were founded on the premise that McCaigue was suffering from an undiagnosed traumatic brain injury rather than a psychiatric condition. Accordingly, we affirm.

---

[1] Although the notice of appeal identifies the summary judgment order entered on July 29, 2024, as the subject of the appeal, we note that the actual appealable documents for jurisdictional purposes are the judgments subsequently entered on August 5 and August 21, 2024.

[2] McCaigue does not challenge the circuit court's dismissal of one of the defendants for lack of personal jurisdiction.

**BACKGROUND**

¶3      McCaigue's complaint alleged that he suffered a traumatic brain injury in a car accident.[3]  Following the accident, McCaigue was exhibiting signs of agitation and confusion; he was physically subdued by responding law enforcement, including with blows to his head; and he was ultimately transported to the hospital.  There, a physician conducted what McCaigue deemed to be an inadequate examination and concluded that McCaigue's symptoms were psychiatric in nature, not the result of physical trauma.  The physician had McCaigue transferred to a psychiatric unit before a CT scan was performed.  McCaigue was then repeatedly "slammed down" in the psychiatric unit, causing additional injury to his brain.

¶4      The complaint further alleged that the examining physician falsified McCaigue's medical record when he reported that McCaigue was orientated; that an attending nurse falsified his medical record when she reported that McCaigue was not in an altered mental state; that another doctor falsified McCaigue's medical record by reporting that McCaigue had a history of chronic mental illness and poor treatment compliance; that the reason for medical staff refusing to treat McCaigue for a traumatic brain injury was to cover up his mistreatment at the hands of law enforcement following the accident; and that McCaigue's ensuing confinement in the psychiatric unit pursuant to a WIS. STAT. ch. 51 (2023-24)[4] commitment constituted false imprisonment, which caused him mental anguish.

---

[3]  Although McCaigue's mother was also involved in the accident, and McCaigue alleges that she too was denied care for a head injury, she is not a party to this lawsuit.

[4]  All references to the Wisconsin Statutes are to the 2023-24 version.

¶5     In a deposition, McCaigue acknowledged that no doctor had ever diagnosed him with a traumatic brain injury and that no CT, MRI, or other objective diagnostic test had ever shown that McCaigue had a traumatic brain injury. McCaigue himself did not have any medical training. McCaigue also had limited memory of the events in question and no personal knowledge that anyone had altered a medical record.

¶6     The circuit court issued a scheduling order requiring McCaigue to disclose expert witnesses by February 29, 2024. McCaigue failed to either retain or disclose a medical expert witness who would testify that he was misdiagnosed or had received improper treatment. The respondents moved for summary judgment based upon that failure. The court granted summary judgment on the grounds that all of McCaigue's claims were dependent upon his ability to prove that he had actually suffered a traumatic brain injury, rather than a mental health issue, and that an expert medical opinion was required to satisfy that burden of proof. McCaigue appeals the dismissal of his claims.

## DISCUSSION

¶7     This court independently reviews a summary judgment decision to determine whether the parties' pleadings and supporting materials identify any disputed genuine issue of material fact that would entitle the opposing party to a trial. *Munger v. Seehafer*, 2016 WI App 89, ¶¶46-47, 372 Wis. 2d 749, 890 N.W.2d 22. When a motion for summary judgment is made and supported with appropriate evidentiary materials, "an adverse party may not rest upon the mere allegations or denials of the pleadings." WIS. STAT. § 802.08(3).

¶8     Here, the circuit court properly determined that whether McCaigue was suffering from a traumatic brain injury or psychiatric symptoms was a

disputed fact that was material to each of his claims. For instance, McCaigue could not establish that any of the named health care providers had improperly denied him medical care for a traumatic brain injury (either negligently due to lack of training or intentionally as part of a conspiracy), without first proving that he in fact suffered a traumatic brain injury. Similarly, McCaigue could not show that he was improperly treated and committed for psychiatric symptoms (the basis of his battery, false imprisonment, and emotional distress claims) without showing that his symptoms stemmed from a traumatic brain injury rather than mental health issues. McCaigue also could not show that his medical records were false or that any health care provider had intentionally misrepresented his condition without showing either that he had in fact suffered a traumatic brain injury or that he was not in fact suffering from psychiatric symptoms.

¶9 Merely alleging that McCaigue had suffered a traumatic brain injury was insufficient to create a genuine issue of material fact for trial because expert testimony would be required to establish that fact. Expert testimony is required when a matter is "not within the realm of ordinary experience and lay comprehension." *Robinson v. City of West Allis*, 2000 WI 126, ¶29, 239 Wis. 2d 595, 619 N.W.2d 692 (citation omitted). Whether a health care provider has failed to conform to the relevant standard of medical care and whether that failure has caused a plaintiff's injuries are matters outside of the ordinary experience of a lay person. *Carney-Hayes v. Northwest Wis. Home Care, Inc.*, 2005 WI 118, ¶37, 284 Wis. 2d 56, 699 N.W.2d 524.

¶10 We conclude that making a correct medical diagnosis regarding whether someone is suffering from a traumatic brain injury or a psychiatric condition falls within the standard of medical care, and its determination therefore requires expert testimony. Because McCaigue failed to retain and disclose an

expert witness by the date set in the scheduling order, his supporting materials filed in response to the respondents' summary judgment motion were insufficient to counter the materials provided by the respondents on that point. It follows that there was no genuine dispute for trial as to an issue material to all of McCaigue's claims, and the circuit court properly dismissed the claims on summary judgment.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.